IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SALAR OMAR KARIM,**

    Petitioner,

v.                                                                         Civil Action No. **3:16CV950**

**EDDIE L. PEARSON,**

    Respondent.

### MEMORANDUM OPINION

Salar Omar Karim, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging the manner in which the Virginia Department of Corrections has calculated his sentence. By Memorandum Opinion and Order entered on August 2, 2017, the Court dismissed Claims One (a), Two, Three, and Four. The Court directed Respondent to file a further response addressing the merits of Claim One (b). Respondent has filed a Supplemental Response (ECF No. 24) and Karim filed a Reply (ECF No. 25). On February 16, 2018, the United States Court of Appeals for the Fourth Circuit dismissed Karim's interlocutory appeal. (ECF No. 26.) From the record before the Court, it appears that Karim's projected release date from incarceration was February 26, 2018. (*See* ECF No. 20, at 4.)

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, it appears that Karim was scheduled to be released from incarceration on February 26, 2018. If

Karim has been released from custody, his § 2254 Petition challenging the calculation of his sentence no longer presents a case or controversy that this Court can address. *See Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). Accordingly, by Memorandum Order entered on March 1, 2018, the Court directed Karim, within eleven (11) days of the date of entry thereof, to show good cause why his § 2254 Petition should not be dismissed as moot. The Court warned Karim that a failure to file a proper response would result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

More than eleven (11) days have elapsed and Karim has failed to show good cause why his § 2254 Petition should not be dismissed as moot or otherwise respond to the March 1, 2018 Memorandum Order. Accordingly, Karim's remaining claim and the § 2254 Petition (ECF No. 1) will be DISMISSED AS MOOT.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: March 28, 2018
Richmond, Virginia